IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA EVETTE DEJESUS<br>3018 North Hutchinson Street<br>Philadelphia, PA 19133 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: _____ |
| v. | :<br>: | |
| | : | **JURY TRIAL DEMANDED** |
| PUBLIC STORAGE<br>2700 Grant Avenue<br>Philadelphia, PA 19114 | :<br>:<br>:<br>: | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Brenda Evette DeJesus (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Public Storage (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Public Storage is a corporation operating self-storage facilities in the United States (including Pennsylvania), with one such facility located at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed by Defendant as a Relief Manager for approximately two years from on or about October 30, 2020, until her unlawful termination (discussed further *infra*) on or about September 29, 2022.

12. Plaintiff worked at several of Defendant's facilities, primarily in the Philadelphia, Pennsylvania area. At the time of Plaintiff's termination, she was out of Defendant's facility located at 2700 Grant Avenue, Philadelphia, Pennsylvania location.

13. While employed with Defendant, Plaintiff was supervised by several individuals, including but not limited to District Manager, Regina Boyle (hereinafter "Boyle"), Senior District Manager, Gavin Beier (hereinafter "Beier") and Property Managers, Siana Rivera (hereinafter "Rivera"), Melanie (last name unknown, hereinafter "Melanie"), and Audrey (last name unknown, hereinafter "Audrey").

14. Throughout Plaintiff's employment with Defendant, she was a hard-working employee who performed her job well.

15. Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to arthritis and injuries to her left arm (requiring plasma and cortisone shots), and asthma (and associated complications).

3

16. Despite Plaintiff's aforesaid health conditions, she was able to perform the essential functions of her position well; however, she (at times) required some reasonable medical accommodations (discussed further *infra*).

17. At all relevant times hereto, Defendant's management was fully aware of Plaintiff's aforesaid health conditions and need for medical accommodations.

18. For example, in or about October of 2021, Plaintiff informed Defendant's management that a mass was detected in her breast, which was biopsied in November of 2021, and confirmed as breast cancer in December of 2021.

19. As a result, of her aforesaid cancer diagnosis, Plaintiff requested, was approved for, and commenced FMLA leave beginning on or about January 26, 2022, for medical treatment.

20. Plaintiff was cleared to return back to work on February 14, 2022; however, despite informing management, including Boyle of the same, she was not placed back on the schedule.

21. Instead, Boyle refused to allow to Plaintiff return to work for several weeks, requesting duplicative documentation from Plaintiff's doctor and providing conflicting reasons for not receiving the information.

22. First, Boyle stated that she sent the paperwork to Plaintiff's doctor, but when Plaintiff's doctor's office informed her they never received it, Boyle changed her story and claimed she had sent the paperwork to Plaintiff personally, but Plaintiff never received it.

23. It was not until Plaintiff reached out to Defendant's corporate office to complain of Boyle's refusal to allow her to return to work, that she was suddenly placed on the schedule on or about April 15, 2022.

24. As a result of Boyle's discriminatory and retaliatory behavior, Plaintiff was prevented from returning to work for ***almost two months*** despite being cleared by her doctor.

25. Shortly after Plaintiff's return to work a co-worker who had started just weeks before Plaintiff's FMLA leave, asked Plaintiff "how everything is going with [her] cancer." When Plaintiff expressed shock and dismay that her personal/private health information had been disseminated to her co-workers (in violation of the ADA), the co-worker informed Plaintiff that Boyle had advised all of Plaintiff's co-workers in a meeting why they were being required to work more and cover her shifts – which caused some discontent amongst her co-workers.

26. On or about May 5, 2022, Plaintiff informed Defendant's Human Resources ("HR") Director, Arlen Olson (hereinafter "Olson") during a phone call that the aforesaid dissemination of her personal/private health information to her co-workers was a violation of her rights and that Boyle had prolonged her ability to return to work following her medical leave. Olson responded to Plaintiff that he would talk to Boyle.

27. Shortly thereafter, in a call with Olson, Employee Relations Manager, Carlos Rayas (hereinafter "Rayas"), Boyle, and Beier (Boyle's boss), both Boyle and Beier refused to respond to corporate as to why Plaintiff's personal health information had been disseminated to all of her colleagues.

28. Plaintiff was then advised that she would need to complete ADA accommodation paperwork for any future time off for radiation or other medical accommodations she would need. Importantly, Plaintiff had been requesting this paperwork for several weeks prior from Boyle, but her requests had been ignored.

29. For the next several weeks, Plaintiff had several doctor's appointments, including radiation treatments, for which she was occasionally slightly late returning to work as the treatment sometimes ran over.

30. Nonetheless, Boyle then issued Plaintiff a write-up for a day that she had returned late from an IV radiation treatment several weeks prior, because it had occurred before Plaintiff

had formally filled out ADA paperwork, despite that Plaintiff had informed Boyle she would be getting radiation treatment that day for her aforesaid health conditions. When Plaintiff contested the write-up, Boyle informed Plaintiff that she should have reminded Boyle of the appointment a second time.

31. Thereafter, Boyle continued to harass Plaintiff and issue her pretextual discipline for utilizing reasonable accommodations, such as time off for doctor's appointments and radiation treatment.

32. Boyle also berated Plaintiff whenever she was rarely a little late returning from doctor's appointments and radiation treatment, despite that such time off was ADA and FMLA qualifying.[2] However, Plaintiff's non-disabled colleagues who were regularly and routinely late for no legitimate reasons were never admonished or disciplined for the same.

33. Thereafter, on or about September 28, 2022, Plaintiff requested the ability to leave work a few hours earlier than she had planned (she had already been given approval to leave early that day for a college visit with her son) for an emergency to take her son to the ER as he had fallen downstairs and believed his leg was broken.

34. Plaintiff was then abruptly terminated the following day, on or about September 29, 2022, for alleged "lateness/attendance issues," despite that the majority of her "lateness" and/or absences were for medical reasons related to her aforesaid serious health conditions.

---

[2] It is well established that FMLA leave is permitted for whole days, partial days or medical-related breaks under the FMLA. *See e.g. Mora v. Chem-Tronics, Inc*., 16 F. Supp. 2d 1192 (S.D. Cal. 1998) (Employees may take leave ***in any size increments*** and employers may account for the leave in the shortest period of time the payroll system uses to calculate absences). *See also Sabbrese v. Lowe's Home Centers, Inc.,* 320 F. Supp. 2d 311 (W.D. Pa. 2004) (explaining that *an employer is prohibited from counting medically necessary breaks against an employee* under the FMLA) (emphasis added); *Collins v. U.S. Playing Card Co*., 466 F. Supp. 2d 954 (S.D. Ohio 2006) (same).

35. Defendant failed to properly accommodate Plaintiff by issuing her pretextual discipline for requesting/utilizing time off for her aforesaid serious health conditions and using the same as a means to terminate her.

36. Plaintiff believes and therefore avers that she was subjected to retaliation and a hostile work environment because of (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations (*i.e.,* time off for doctor's appointments, diagnostic testing, medical leave, and treatment); (4) her expressed concerns of unfair treatment as a result of her health conditions and requested accommodations; and (5) Defendant's failure to properly accommodate her (set forth *supra*).

37. Plaintiff further believes and therefore avers that her disabilities were a motivating/determinative factor in the termination of her employment with Defendant.

38. Defendant's actions as aforesaid constitute violations of the ADA.

### COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
### (1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities (set forth *supra*).

41. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

42. Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off for doctor's appointments, diagnostic testing, treatment, and medical leave.

43. Plaintiff was subjected to a hostile work environment through discriminatory and disparate conduct, including pretextual discipline, by Defendant's management as a result of her health conditions and requested accommodations.

44. Plaintiff's expressed concerns of unfair treatment and retaliation as a result of her aforesaid health conditions and requested accommodations to Defendant's management, but her concerns were not properly investigated or addressed.

45. Instead, Plaintiff was terminated, on or about September 29, 2022, in close temporal proximity to requesting/utilizing reasonable accommodations (*i.e.,* time off for doctor's appointments, diagnostic testing, medical leave, and treatment).

46. Defendant failed to properly accommodate Plaintiff by issuing her pretextual discipline for requesting/utilizing time off for her aforesaid serious health conditions and using the same as a means to terminate her.

47. Plaintiff believes and therefore avers that she was subjected to retaliation and a hostile work environment because of (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations (*i.e.,* time off for doctor's appointments, diagnostic testing, medical leave, and treatment); (4) her expressed concerns of unfair treatment as a result of her health conditions and requested accommodations; and (5) Defendant's failure to properly accommodate her (set forth *supra*).

48. Plaintiff further believes and therefore avers that her disabilities were a motivating/determinative factor in the termination of her employment with Defendant.

49. Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
(Retaliation & Interference)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

52. Plaintiff requested leave for medical reasons from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

53. Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

54. Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

55. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

56. Plaintiff was terminated in close proximity to her request for/utilization of FMLA-qualifying leave to care for and treat for her serious health conditions.

57. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying

leave in the future; and (4) making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA (set forth *supra*).

58.   These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.   Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.   Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.   Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.   Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.   Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                          Respectfully submitted,

                          **KARPF, KARPF & CERUTTI, P.C.**

By:    _____
                          Ari R. Karpf, Esq.
                          3331 Street Road
                          Two Greenwood Square, Suite 128
                          Bensalem, PA 19020
                          (215) 639-0801

Dated: August 30, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Brenda Evette Dejesus          :        CIVIL ACTION
          v.                   :
                               :
Public Storage                 :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)

| 8/30/2023 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3018 North Hutchinson Street, Philadelphia, PA 19133

Address of Defendant: 2700 Grant Avenue, Philadelphia, PA 19114

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/30/2023    _____ (signature)    ARK2484 / 91538
        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/30/2023    _____ (signature)    ARK2484 / 91538
        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEJESUS, BRENDA EVETTE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
PUBLIC STORAGE

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 8/30/2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE